UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al. | : | CASE NO. 04-58-DLB |
| | : | (Judge Bunning) |
| Plaintiffs | : | |
| | : | **ELECTRONICALLY FILED** |
| vs. | : | |
| | : | **DEFENDANT ALVERA SIERMANN'S** |
| ALVERA SIERMANN | : | **MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION** |
| Defendant | : | **TO PLAINTIFF CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS** |
| | : | **PENSION FUND AND HOWARD MCDOUGALL, ONE OF ITS TRUSTEES'** |
| | : | **MOTION FOR SUMMARY JUDGMENT** |
| | : | |

Defendant Alvera Siermann ("Siermann") moves this Court for an order dismissing the complaint of plaintiff Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its Trustees ("Central States"). The undisputed material facts establish that Siermann received the monies from Siermann Hauling, Inc. prior to Siermann Hauling's insolvency. Therefore, as a matter of law, Siermann Hauling, Inc. did not defraud its creditors, and Central States' attempt to recover the monies from Siermann is without any legal basis and should be denied. The factual and legal bases for this motion are set forth in the attached memorandum in support.[1]

---

[1] Siermann also responds to Central States' motion for summary judgment in this memorandum.

## MEMORANDUM IN SUPPORT

### I.     UNDISPUTED FACTS

The following relevant facts are undisputed:  (1) the monies Central States is attempting to collect from Siermann were paid to Siermann in 2001 and prior to Siermann Hauling's ceasing operations; (2) prior to the end of 2001, Siermann Hauling paid all of its creditors (Allie Jackson, p. 25; 27) [2]; (3) Central States did not notify Siermann Hauling until January 22, 2002 that Central States was claiming Siermann Hauling owed withdrawal liability (Affidavit of Harry E. Keil, )[3]; and, (4) Central States did not obtain judgment against Siermann Hauling until February 10, 2003 (Affidavit of Harry E. Keil, ¶13).

### II.    ARGUMENT

#### A.    STANDARD OF REVIEW

Summary judgment is only appropriate when a party fails to establish an essential element of that party's case and that party will bear the burden at trial to establish that element. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986).  The Supreme Court stated:

> *In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.*

**Id**.  For Central States to be entitled to summary judgment, this Court must conclude that a "reasonable [trier of fact] could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 252 (1986).  Central

---

[2] References are to the deposition of Allie Jackson which is attached to Central States' Statement of Material Facts as Exhibit "D."

2

States cannot meet this burden because it cannot establish that Siermann Hauling made the disputed payments to Siermann to defraud Central States which Central States must prove to establish its claims. Therefore, Central States' motion for summary judgment should be denied and judgment in favor of Siermann entered.

### B. THE UNDISPUTED FACTS ESTABLISH THAT SIERMANN HAULING DID NOT FRAUDULENTLY TRANSFER MONEY TO SIERMANN

Central States states that Siermann Hauling fraudulently transferred its assets to Siermann. This is simply incorrect. Central States cannot establish that Siermann Hauling transferred its assets to Siermann to defraud its creditors; that is, it made the payments when it was insolvent, or anticipation of a lawsuit or after a lawsuit was begun. In a fraudulent transfer action, Central States bears the burden of establishing that the payments from Siermann Hauling to Siermann were made to defraud creditors; that is, Siermann Hauling made the payments when it was insolvent, and it made the payments in anticipation of a suit against it or after a suit has begun. **Russell Cty. Feed Mill, Inc. vs. Kimbler**, 520 S.W. 2d 309, 311-12 (Ky. 1975); **Ely & Walker Dry Goods Co. v. Freedberg**, 226 Ky. 713, 11 S.W.2d 964 (Ky. 1928).[4] The undisputed facts establish otherwise.

The undisputed facts establish that the money Central States requests that this Court order Siermann to return to it was paid to Siermann while Siermann Hauling was still solvent. The payments made to Siermann were made over a period of nine months, beginning on January 3, 2001 and ending on September 5, 2001. (Allie Jackson, p. 33). Central States admits that it did not notify Siermann Hauling until January 22, 2002 that it owed Central States $80,248.06. Consequently, since these payments were made prior to Siermann Hauling's knowledge of

---

[3] The affidavit of Harry E. Keil is attached to Central States' Statement of Material Facts as Exhibit "A."

3

Central States' alleged debt, the payments could not have been made to defraud Central States. **Russell Cty. Feed Mill, Inc. vs. Kimbler**, 520 S.W. 2d 309, 311-12 (Ky. 1975); **Ely & Walker Dry Goods Co. v. Freedberg**, 226 Ky. 713, 11 S.W.2d 964 (Ky. 1928). Because Siermann Hauling made the payments to Siermann prior to any knowledge of Central States' claim, Siermann Hauling could not have transferred those assets to Siermann with the intent to defraud Central States. Therefore, Central States' claims are without merit as a matter of law and must be dismissed.

Central States argues that when Siermann Hauling withdrew from the Central States' plan, the indebtedness automatically arose and Siermann Hauling magically "knew" of the debt. Central States' argument is contrary to the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§1981 *et seq*.[5] MPPAA requires employers who withdraw from underfunded multiemployer pension plans to pay "withdrawal liability." **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. 192, 195 (1997). Under MPPAA, an employer incurs "withdrawal liability" when it effects a complete withdrawal from the plan. **Id**. at 196; 29 U.S.C. §1381(a). The MPPAA places the burden of calculating the amount of "withdrawal liability" upon the trustees of the plan and not the employer. **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 197; 29 U.S.C. §1391.

After the trustees calculate the "withdrawal liability," if any, they are required to set an installment schedule for payment and demand payment from the employer "as soon as practicable" after the employer withdraws. **Bay Area Laundry and Dry Cleaning Pension**

---

[4] Kentucky law governs whether or not Siermann Hauling fraudulently transferred assets to Siermann. **Condaire, Inc. v. Allied Piping, Inc.**, 286 F.3d 353, 357 (6th Cir. 2002). Central States argues, however, that Ohio law applies. Once again, Central States is incorrect, and the Kentucky Fraudulent Transfers Act must be applied.
[5] The underlying debt arose under the provisions of MPPAA.

4

**Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 197; 29 U.S.C. §1399(b). Upon receipt of the schedule and payment demand, then under MPPAA, the employer may invoke the dispute resolution machinery up to and including arbitration. **Id**. If no party requests arbitration, then the installments become "due and owing." **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 197; 29 U.S.C. §1401(b)(1). If an employer fails to pay, then the plan may accelerate debt and sue to collect. **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 197; 29 U.S.C. §1399(c)(5).

If a trustee decides to sue to collect, then they have six years from "the date on which the cause of action arose" to file suit. **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 201; 29 U.S.C. §1451(f)(1). In **Bay Area Laundry**, the Supreme Court determined that a cause of action under MPPAA does not accrue when the employer withdraws from a plan. **Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corporation of California, Inc.**, 522 U.S. at 201-02. Instead, the cause of action accrues when the trustee calculates the amount of the withdrawal liability and the employer defaults on the payment. **Id**. at 202. As the Supreme Court stated:

> *The date of withdrawal cannot start the statute of limitations clock, because the MPPAA affords a plan no basis to obtain relief against an employer on that date. The plan could not sue to undo the withdrawal, for **an employer does not violate the MPPAA simply by exiting the plan**.*

**Id** at 201. (emphasis added). Further the Supreme Court concluded:

> *In sum, we hold that the MPPAA does not give a pension plan any claim for relief against an employer on the date of withdrawal. The plan's interest in receiving withdrawal liability does not ripen into a cause of action triggering the limitations period until two events transpire. First, the trustees must calculate the debt, set a schedule of installments, and demand payment pursuant to §1399(b)(1). Second, the employer must default on an installment due and payable under the trustees' schedule. Only then has the employer violated an obligation owed the plan under the Act.*

5

**Id**. at 202.

Thus, Central States is incorrect as a matter of law that its debt against Siermann Hauling accrued on the date of withdrawal. To the contrary and in accord with **Bay Area Laundry**, the debt did not accrue until after Central States calculated the debt, set a schedule of payments and Siermann Hauling defaulted on its obligation. **Id**. The undisputed material facts establish as a matter of law that the earliest this occurred was March 21, 2002. On January 22, 2002, Central States notified Siermann Hauling of the debt and the schedule of payments. (Affidavit of Harry E. Keil, ¶8). On March 21, 2002, Central States notified Siermann Hauling that its withdrawal liability debt was past due. (Affidavit of Harry E. Keil, ¶9). Thus, the undisputed facts establish that the debt accrued at the earliest on March 21, 2002. Therefore, Central States' argument that the debt arose when the withdrawal occurred and, hence, Siermann Hauling magically knew of the debt then, is incorrect as a matter of law and should be disregarded.

Not only were the payments made when Siermann Hauling was solvent but the payments were not made in anticipation of a suit against it. In a fraudulent transfer action, Central States bears the burden of establishing that the payments from Siermann Hauling to Siermann were made in anticipation of a suit against it or after a suit has begun. **Russell Cty. Feed Mill, Inc. vs. Kimbler**, 520 S.W. 2d at 311-12. The undisputed facts establish the opposite. The payments made to Siermann were made over a period of nine months, beginning on January 3, 2001 and ending on September 5, 2001. (Allie Jackson, p. 33). Central States initiated the suit against Siermann Hauling almost a year later, that is, August 21, 2002 and did not notify Siermann Hauling of the alleged debt until January 22, 2002. Obviously, the payments to Siermann could not have been made in anticipation of a suit which was filed more than a year after the payments had been made. **Ely & Walker Dry Goods Co. v. Freedberg**, 226 Ky. 713, 11 S.W.2d 964 (Ky.

6

1928). Therefore, Central States' claim that Siermann Hauling fraudulently transferred assets to Siermann is without merit as a matter of law and must be dismissed.

### III.    CONCLUSION

For all the foregoing reasons, the undisputed material facts establish that defendant Alvera Siermann did not receive any assets from Siermann Hauling, Inc. for the purpose of defrauding Siermann Hauling, Inc.'s creditors.  Therefore, as a matter of law, the claims of plaintiff Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its Trustees, are without merit and must be dismissed and judgment entered in favor of defendant Alvera Siermann.

                                            Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP                    /s/   Jeffrey P. McSherry
                                            Jeffrey P. McSherry (84272)
                                            C.J. Schmidt
                                            Nathan H. Blaske
                                            600 Vine Street, Suite 2500
                                            Cincinnati, Ohio   45202
                                            (513) 852-6052
                                            email: jpmcsherry@woodlamping.com

                                            Attorneys for Defendant Alvera Siermann

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Defendant Alvera Siermann's Motion for Summary Judgment and Memorandum in Opposition to Plaintiff Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, One of Its Trustees' Motion for Summary Judgment has been filed with the Court by electronic means on this 11th day of August, 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    In addition, a copy has been served upon the following counsel of record by ordinary mail this 11th day of August, 2005:

Cathy L. Rath  
Central States, Southeast and Southwest  
Areas Pension Fund  
9377 W. Higgins Road - Law Department  
Rosemont, Illinois   60018-4938  
Co-Counsel for Plaintiffs

                                        /s/   Jeffrey P. McSherry

248530.1